Jones, J.,
 

 dissenting. The principle here involved is of far higher importance than the consequences that may result to Rudner from the issuance of this writ. The real question is, May no one who is indicted for a capital offense be admitted to bail? The majority hold he may not. If that holding is made to apply to all cases, after indictment found, we may hereafter be confronted with a doctrine which may plague the courts and shock the judicial conscience. A situation may readily be conceived where, after indictment, facts may develop which conclusively prove the innocence of the accused. In such an event, are the hands of the judges tied, and must the accused still be kept in custody? I agree that, as stated by Judge White in the
 
 Kendle case, supra:
 

 
 *456
 
 “The indictment raises the presumption required by the Constitution to justify the refusal of bail.”
 

 But surely this presumption can be removed by facts, especially those developed after the indictment, which may prove his innocence. In the
 
 Kentile case, supra,
 
 Judge White conceded the jurisdiction of the court, where, in his opinion, he said that a motion for bail might be entertained under certain circumstances. These three principles are well fixed in our Ohio jurisprudence: (1) The jurisdiction of the court of common pleas and its judges is fixed by statute. (2) Jurisdiction was conferred on Judge Diehl in the instant case by Section 13534, General Code. (3) Where jurisdiction is conferred, a writ of prohibition will not lie to control judicial action or discretion.